FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

APR 5 2010

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LANELLETTA NAY WINGSTER, | :: | PRISONER CIVIL RIGHTS |
| GDC NO. 476270, | :: | 42 U.S.C. § 1983 |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| DEKALB COUNTY MENTAL | :: | CIVIL ACTION NO. |
| HEALTH; DR. BRICK HOUSE; and | :: | 1:10-CV-0877-TWT |
| KATIE KALE, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff Lanelletta Nay Wingster, presently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed the instant pro se civil rights action. (Doc. 1). The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination and on Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2). For the purpose of dismissal only, Plaintiff is hereby **GRANTED** leave to proceed in forma pauperis.

## I.  The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal

court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," not merely "conceivable"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court

2

accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

## II.   **Discussion**

Plaintiff brings this action against DeKalb County Mental Health, Dr. Brick House, and Katie Kale. (Doc. 1 at 1, 3).  The entirety of Plaintiff's statement of claim reads as follows:

> Holding medical records from Dr. Wazo and Dr. Patel.  Refusing to give me medication as needed, Risperal 4 mg [and] 50 mg Bendely.  I could of hurt someone once release.  50 thousand dollar.

(Id. ¶ IV).

Plaintiff fails to state a claim against the named defendants because he "fails to allege facts that associate [the defendants] with [the alleged] violation." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).  Moreover, Plaintiff has not clearly stated a claim for relief under 42 U.S.C. § 1983 because he has not alleged sufficient facts to show that a state actor deprived him of a constitutional right. See Hale, 50 F.3d at 1582.  This Court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

3

## III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant <u>pro</u> <u>se</u> civil rights action (Doc. 1) is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED** this _3_ day of _april_, 2010.

_Thomas W. Thrash_

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)